UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JAMIE NATHANIEL GRIMES, | ) | |
|---|---|---|
| | ) | No. 3:16-cv-2061 |
| Petitioner, | ) | Judge Campbell |
| | ) | |
| v. | ) | |
| | ) | |
| GRADY PERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Presently before the Court is Respondent's motion to dismiss the petition on the grounds that it is time-barred. (ECF No. 16.) For the reasons set forth herein, the Court finds that the petition is barred by the statute of limitations found at 28 U.S.C. § 2244(d)(1)(A). As a result, the Court will grant Respondent's motion to dismiss.

### Discussion

I. Background

In April, 2007, the Davidson County Grand Jury issued a three-count indictment charging Petitioner with three counts: (1) possession of over 300 grams of cocaine with the intent to sell (Tenn Code Ann. § 39-14-417(j)(5)), a Class A felony; simple possession ( Tenn. Code Ann. § 39-17-418), a Class A misdemeanor; and (3) possession of drug paraphernalia (Tenn. Code Ann. § 39-17-425), a Class A misdemeanor. (ECF No. 17-2 at 3-6; *see also State v. Bobby Lee Robinson and Jamie Nathaniel Grimes*, No. M2009-02450-CCA-R3-CD, 2011 WL 6747480, at *1 (Tenn. Crim. App. Dec. 22, 2011) (hereinafter "*Grimes*".) Petitioner and a co-defendant, Bobby Lee Robsinson, were tried together before a jury, which found Petitioner guilty on all three counts in the indictment. (ECF No. 17-2 at 7-9; *see also Grimes*, 2011 WL 6747480, at *1.) On September 19, 2009, Petitioner was sentenced to 30 years in prison on the

felony conviction and 11 years and 29 days on each of the misdemeanor convictions to be served concurrently with his felony conviction. *Id.*

Petitioner timely appealed to the Tennessee Court of Criminal Appeals.[1] On December 22, 2011, the court of appeals issued an opinion affirming the judgment of the trial court. (*See Grimes*, 2011 WL 6747480, at *15.) Petitioner did not immediately file an application for permission to appeal to the Tennessee Supreme Court.[2]

On December 17, 2013, Petitioner filed a petition for post-conviction relief in the state court, a motion for appointment of counsel and a motion for evidentiary hearing. (ECF No. 17-2 at 10-33.) On January 16, 2013, the trial court appointed counsel and concluded that an evidentiary hearing was necessary. (*Id.* at 45-46.) On August 16, 2013, counsel filed an amended petition for post-conviction relief, a request for permission to file a delayed appeal to the Tennessee Supreme Court under Tenn. R. App. P. 11 and a request to stay post-conviction proceedings pending final disposition of the delayed appeal.[3] On September 18, 2013, the trial court stayed the post-conviction proceedings pending resolution of Petitioner's application for permission to appeal to the Tennessee Supreme Court. On February 12, 2014, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. (ECF No. 17-2 at 145.) Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

---

[1] Petitioner appealed separately from Robinson, but the Tennessee Court of Criminal Appeals consolidated the appeals under case no. M2009-02450-CCA-R3-CD.

[2] Robinson sought and was granted permission to appeal to the Tennessee Supreme Court, which affirmed in part, vacated in part and remanded to the trial court for resentencing. *See State v. Robinson*, 400 S.W. 3d 529 (Tenn. 2013).

[3] In seeking permission to file a delayed appeal and a stay pending the final disposition of the delayed appeal, Petitioner relied on Tenn. Sup. Ct. R 28, § 9(D)(1)(b), which provided that where a petitioner has been deprived of the right to request permission to appeal to the Tennessee Supreme Court, the petitioner shall have 60 days from the date of the order granting the delayed appeal to seek review in the Tennessee Supreme Court and that post-conviction proceedings shall be stayed pending the final disposition of the delayed appeal.

On April 10, 2014, Petitioner filed an amendment to the amended petition for post-conviction relief. (*Id.* at 149-185.) The trial court conducted an evidentiary hearing on May 5, 2014. (*Id.* at 186; *see also* ECF No. 17-4.) On July 24, 2014, the trial court issued an order denying relief and dismissing the petition.

Petitioner timely appealed to the Tennessee Court of Criminal Appeals, which denied relief on August 18, 2015. (ECF No. 17-5; *see also Grimes v. State*, M2014-01533-CCA-R3-PC; 2015 WL 4929549, *1 (Tenn. Crim. App. Aug. 18, 2015.) Petitioner sought permission to appeal to the Tennessee Supreme Court which was denied on December 10, 2015. (ECF No. 17-6.)

Petitioner filed his petition for the writ of habeas corpus in the United States District Court for the Western District of Tennessee on or about July 1, 2016 and paid the $5.00 filing fee.[4] The action was transferred to this Court on August 2, 2016. The Court directed Respondent to file a response. (ECF No. 6.) Respondent filed the instant Motion to Dismiss on on September 14, 2016.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

---

[4] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Although Petitioner did not sign the petition itself, he signed, and had notarized, the certificate of service in which he declared that he placed the petition in the prison mailing system on July 1, 2016. Accordingly, the petition shall be deemed filed as of that date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 97, 498 n.1 (6th Cir. 2006)).

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

Here, as in most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Tennessee Court of Criminal Appeals, which issued an opinion affirming the trial court judgment on December 22, 2011. Petitioner did not apply for permission to appeal to the Tennessee Supreme Court within 60 days after the entry of judgment by the Tennessee Court of Criminal Appeals as required by Tenn. R. App. 11(b). While Petitioner filed a delayed

application for permission to appeal, that application did not reset the running of the statute of limitations. Although a state court's decision to *reopen* a direct appeal will reset the statute of limitations, *see Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (citing *Clay v. United States*, 537 U.S. 522, 531 (2003)), here Petitioner merely applied for permission to file a delayed appeal, or stated another way, permission to reopen his direct appeal. The Tennessee Supreme Court denied Petitioner's application, thus his direct appeal was not reopened and the statute of limitations did not reset. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (recognizing "that the possibility that a state court may reopen direct review 'does not render convictions and sentences that are no longer subject to direct review nonfinal" (quoting *Beard v. Banks*, 542 U.S. 406, 412 (2004))).

Moreover, where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" ) (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Petitioner had 60 days in which to apply for permission to appeal to the Tennessee Supreme Court. *See* Tenn. R. App. P. 11(b). Accordingly, Petitioner's conviction became final on February 21, 2012. Petitioner had one year from that date, or until

5

February 21, 2013, in which to file his habeas application. Petitioner filed on July 1, 2016. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitation is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. Id.; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Petitioner filed his petition for state post-conviction relief on December 17, 2013, 300 days into the running of the statue of limitations. The statute of limitations began to run again on December 10, 2015, when the Tennessee Supreme Court denied Petitioner's application for permission to appeal the denial of his post-conviction petition. Thus, Petitioner had 65 days from the denial of his application for permission to appeal on December 10, 2015, or until February 15, 2016, to file his federal habeas petition.[5] Petitioner did not file his petition until July 1, 2016, nearly five months after the statute of limitations had expired.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden,*

---

[5]The 65th day was a Saturday, so Petitioner had until the following Monday, February 15, 2016, to timely file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

*Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; Hall, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner argues that he is entitled to equitable tolling of the statute of limitations because he is actually innocent of the offenses of conviction. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner baldly claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner

7

has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

## Conclusion

Because it plainly appears from the face of the petition and the documents in the record filed by the parties that the petition is barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(1)(A), and therefore that Petitioner is not entitled to relief in this court, Respondent's motion to dismiss (ECF No. 16) will be granted.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Under the standard articulated in *Miller-El*, the court finds that jurists of reason would not disagree that the petition is barred by the statute of limitations. A COA will not issue.

An appropriate order is filed herewith.

_____
Todd Campbell
United States District Judge