# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMIE NATHANIEL GRIMES ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:16-cv-2061 |
| v. ) | |
| ) | Judge Trauger |
| GRADY PERRY, Warden ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Jamie Nathaniel Grimes, a state prisoner, filed a pro se petition for the writ of habeas corpus under 28 U.S.C. § 2254, challenging his judgment of conviction and sentences issued by the Davidson County Criminal Court in 2009. On September 27, 2016, the Court issued an opinion, order and judgment (ECF Nos. 19-21) dismissing the petition because it was filed nearly five months after the statute of limitations had expired. On October 17, 2016, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60 ("Rule 60 Motion"). (ECF No. 24.) Because the Rule 60 Motion was filed within 28 days of the entry of judgment, the Court construed the Rule 60 Motion as a motion filed pursuant to Fed. R. Civ. P 59(e), which sets forth a less stringent standard for relief than does Rule 60. (ECF No. 25.) Nevertheless, after considering the petitioner's arguments, the Court denied the Rule 60 Motion because it provided no basis for reconsideration. (*Id.*) The matter presently is before the Court on Petitioner's Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e) ("Motion"). (ECF No. 28.) Because Petitioner filed his Motion more than twenty-eight days after the entry of judgment, the Court construes it as a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Petitioner asserts legal error as a basis for relief, which is properly considered under subsection (1) as a type of mistake. *See Pierce v. United Mine Workers of Am. Welfare and Ret. Funds of 1950 and 1974*, 770 F.2d 449, 451 (6th Cir.1985) (citing *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir.1983)). He also seeks relief from judgment "to prevent manifest injustice," which falls under subsection (6).

A motion under Rule 60(b) must be made within a reasonable time, not more than one year after the judgment or order was taken. FED. R. CIV. P. 60(b). The Sixth Circuit holds that a Rule 60(b) motion claiming legal error must be brought within the same time that an appeal may be filed. *Pierce*, 770 F.2d at 451; *Harris v. Ohio*, No. 973621, 1998 WL939836, at *2 (6th Cir. Dec. 21, 1998). Plaintiff had thirty days in which to file an appeal. FED. R. APP. P. 4(a)(1). His motion, filed 60 days after entry of judgment, is untimely. Nevertheless, the Court has considered Petitioner's arguments for reconsideration and finds that there is no legal error in its decision denying and dismissing the petition because it is time-barred, or in its decision to deny Petitioner's earlier motion for reconsideration.

Likewise, the Court has considered Petitioner's arguments under the standard set forth in Rule 60(b)(6). While Rule 60(b)(6) does not particularize the factors that justify relief, the

Sixth Circuit has "noted that it provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice, while also cautioning that it should only be applied in extraordinary circumstances." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 366 (6th Cir. 1990) (internal citations and quotation marks omitted.) Having considered Petitioner's arguments, the Court finds that Petitioner has failed to set forth "extraordinary circumstances" justifying relief from judgment.

Accordingly, the Petitioner's Motion to Alter or Amend Judgment, construed as a Motion under Rule 60(b), is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE